ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| SOL ANGÉLICA PARÍS CALDERÓN Y OTROS<br><br>Apelante<br><br>v.<br><br>ESTRELLA HOMES II, LLC Y OTROS<br><br>Apelado | KLAN202400012 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: LO2023CV00051<br><br>Sobre: Sentencia Declaratoria, Interdicto Permanente, Ley de Transacciones Comerciales |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

Comparece Sol Angélica París Calderón, Luis Raúl O'Farril Monserrate y la Sociedad Legal de Gananciales compuesta entre ambos (en adelante, parte apelante), mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia* emitida el 2 de octubre de 2023, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, TPI). Mediante el dictamen apelado, el foro primario ordenó la desestimación de la *Demanda*, con perjuicio.

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

**I**

El presente caso inició con la presentación de una *Demanda Jurada y Solicitud de Sentencia Declaratoria, Interdicto Permanente* el 3 de mayo de 2023 (en adelante, *Demanda*).[1] En la *Demanda*, la parte apelante alegó que el 29 de octubre de 2014, Santander Financial Services, LLC (en

---

[1] Apéndice de la parte apelante, a las págs. 1-18.

Número Identificador

SEN2024_____

adelante, Santander),[2] presentó una acción civil en su contra sobre cobro de dinero, ejecución de hipoteca de la vivienda principal de estos y ejecución de prenda, en el alfanumérico FCCI201400533. En dicha *Demanda*, Santander solicitó que se vendiera en pública subasta la prenda. El 30 de diciembre de 2014, Santander presentó una *Moción Solicitando Anotación de Rebeldía y que se Dicte Sentencia Conforme a la Regla 45.2 (b) de Procedimiento Civil*.[3] Adujo que, en dicho expediente judicial, el 17 de marzo de 2015, el foro primario, emitió una *Sentencia* en rebeldía contra la parte aquí apelante al amparo de la Regla 45.1 de las Reglas de Procedimiento Civil declarando con lugar la *Demanda*, la misma se notificó el 30 de marzo de 2015.[4] En dicha *Sentencia,* declaró con lugar la *Demanda* instada por Santander. Expuso, además, que el 11 de diciembre de 2015, notificada el 16 de diciembre de 2015, el TPI notificó una *Sentencia Nunc Pro Tunc*.

Según surge de los autos, y en ese mismo expediente judicial, tres (3) años más tarde, el 7 de junio de 2018, la parte apelante presentó, en lo pertinente, una solicitud de nulidad de sentencia en el aludido alfanumérico, la cual fue denegada. Ante su inconformidad, y luego de varios trámites procesales, la parte apelante acudió mediante un recurso de apelación, el cual fue acogido como un *Certiorari*,[5] en el alfanumérico KLAN201800943. Allí, el 25 de septiembre de 2018, un Panel hermano de este Tribunal emitió una *Sentencia* mediante la cual, confirmó la determinación del foro primario.[6]

---

[2] Según se desprende de los autos, Santander fue sustituido por Estrella, la parte apelada de autos.

[3] 32 LPRA Ap. V, r. 45.2 (b).

[4] 32 LPRA Ap. V, R. 45.1.

[5] Apéndice de la parte apelante, a la pág. 147. El error esgrimido en el referido recurso fue el siguiente:

> Erró el Honorable Tribunal de Primera Instancia al decretar No Ha Lugar la acción de nulidad y posterior reconsideración presentada por la parte apelante y al no ordenar la paralización y el archivo del caso para fines estadísticos cuando en el caso de marras se está impugnando la otorgación de un préstamo hipotecario sin cumplirse los requisitos y criterios para su aprobación y otorgación, lo que constituye "predatory lending".

[6] Apéndice de la parte apelante, a las págs. 145-157.

Luego de haber transcurrido tres (3) años de dicho dictamen, el 1 de noviembre de 2021, la parte apelante presentó en el referido expediente judicial, una *Urgente Solicitud de Nulidad de Subasta y que se Deje sin Efecto Lanzamiento*.[7] Semanas más tarde, el 18 de noviembre de 2021, tras una solicitud post-sentencia, presentada por la parte apelada para sustituir a Santander, por Estrella Homes, II, LLC, (en adelante, Estrella y/o parte apelada) como acreedor hipotecario al amparo de la Regla 22.3 de las Reglas de procedimiento Civil,[8] la parte apelante presentó, además, una *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento Conforme a [la] Ley de Transacciones Comerciales*.[9] En el *primer* escrito, adujeron desconocer que se estaba llevando a cabo el procedimiento de subasta, a lo que la parte apelada se opuso, arguyendo que contrario a lo alegado, estos fueron notificados conforme a derecho. Por otro lado, en el *segundo* escrito adujo, en síntesis, que, tras haberse sustituido al acreedor hipotecario como resultado de una transacción comercial efectiva el 1 de junio de 2021, aplicaba la Sección 2-306 de la Ley de Transacciones Comerciales (en adelante, Ley Núm. 208-1995),[10] y como tal, el Tribunal debía reconocerles el derecho de propiedad o posesión sobre el instrumento o su producto. En respuesta, mediante órdenes separadas,[11] el foro primario denegó las solicitudes de la parte aquí apelante.[12] Además, autorizó la sustitución de Santander por Estrella.

Inconformes con lo anterior, y tras varios trámites procesales ante el TPI, la parte apelante presentó ante este Tribunal un recurso de *Certiorari*, en el alfanumérico KLCE202200367,[13] el cual fue denegado 9 de

---

[7] Apéndice de la parte apelante, a las págs. 158-163.
[8] 32 LPRA Ap. V, R. 22.3.
[9] Apéndice de la parte apelante, a las págs. 164-166.
[10] Ley de Transacciones Comerciales, Ley Núm. 208 de 17 de agosto de 1995, según enmendada, Secc. 2-306, 19 LPRA § 606.
[11] Específicamente, la Orden que declara No Ha Lugar la *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento Conforme a la Ley de Transacciones Comerciales*, fue emitida el 2 de diciembre de 2021, y notificada el 6 de diciembre de 2021. Véase Apéndice de la parte apelante, a la pág. 169.
[12] Apéndice de la parte apelante, a las págs. 167-169.
[13] Apéndice de la parte apelante, a la pág. 207. Los errores esgrimidos en el referido recurso fueron los siguientes:

mayo de 2022.[14] En dicho recurso plantearon que el foro primario había incidido al declarar no ha lugar la *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento Conforme a la Ley de Transacciones Comerciales*. Tras la referida denegatoria de expedición del auto de *Certiorari*, la parte aquí apelante presentó ante el Alto Foro un recurso de *Certiorari*, en el alfanumérico CC-2022-0410,[15] el cual también fue denegado.[16]

Ahora bien, regresando al caso del título, pero con todo lo anterior en mente, recordemos que la parte apelante presentó la *Demanda* de autos, a la cual se le asignó el alfanumérico LO2023CV00051. En la *Demanda*, adujeron que en el alfanumérico FCCI201400533, los foros revisores no

---

A. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA URGENTE SOLICITUD DE NULIDAD DE SUBASTA Y QUE SE DEJE SIN EFECTO LANZAMIENTO DE LA PARTE DEMANDADA-RECURRENTE Y LA MOCIÓN SOBRE RECLAMACIÓN DE DERECHO DE PROPIEDAD O DE POSESIÓN SOBRE EL INSTRUMENTO CONFORME A LA LEY DE TRANSACCIONES COMERCIALES DE LA PARTE DEMANDADA-RECURRENTE.
B. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN SOBRE ÓRDENES DENEGANDO LA NULIDAD DE SUBASTA Y QUE SE DEJE SIN EFECTO LANZAMIENTO Y LA RECLAMACIÓN DE DERECHO DE PROPIEDAD A LA LUZ DE LA LEY DE TRANSACCIONES COMERCIALES DE LA PARTE DEMANDADA-RECURRENTE.
C. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DICTAR SU RESOLUCIÓN DE 23 DE FEBRERO DE 2022, NOTIFICADA EL 3 DE MARZO DE 2022 SIN HABER TOMADO EN CUENTA LA URGENTE SOLICITUD DE LA PARTE DEMANDADA DE EPÍGRAFE PARA PRESENTAR RÉPLICA.

[14] Apéndice de la parte apelante, a las págs. 240-244.
[15] Apéndice de la parte apelante a la pág. 270. Los errores esgrimidos en el referido recurso fueron los siguientes:

A. ERRÓ EL HONORABLE TRIBUNAL DE APELACIONES AL NO EXPEDIR EL RECURSO DE CERTIORARI DE LA PARTE RECURRENTE ADUCIENDO QUE DICHO RECURSO NO SATISFACE LA REGLA 40 DE SU REGLAMENTO, *SUPRA*, Y QUE NO ES APLICABLE AL MISMO LA REGLA 52.1 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*.
B. ERRÓ EL HONORABLE TRIBUNAL DE APELACIONES AL DENEGAR LA MOCI[Ó]N DE RECONSIDERACI[Ó]N SOLICITANDO LA EXPEDICI[Ó]N DEL CERTIORARI DE LA PARTE RECURRENTE.
C. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DECLARAR NO HA LUGAR LA URGENTE SOLICITUD DE NULIDAD DE SUBASTA Y QUE SE DEJE SIN EFECTO LANZAMIENTO DE LA PARTE RECURRENTE Y LA MOCIÓN SOBRE RECLAMACIÓN DE DERECHO DE PROPIEDAD O DE POSESIÓN SOBRE EL INSTRUMENTO CONFORME A LA LEY DE TRANSACCIONES COMERCIALES DE DICHA PARTE.
D. ERRÓ EL HONORABLE FORO DE INSTANCIA AL DICTAR SU RESOLUCIÓN DE 23 DE FEBRERO DE 2022, NOTIFICADA EL 3 DE MARZO DE 2022 SIN HABER TOMANDO (SIC) EN CUENTA LA URGENTE SOLICITUD DE LA PARTE DEMANDADA DE EPÍGRAFE PARA PRESENTAR RÉPLICA.

[16] Apéndice de la parte apelante, a la pág. 286.

habían atendido en los méritos su reclamo, ni se permitió descubrimiento de prueba en cuanto a la controversia que estos plantearon. En virtud de lo anterior, sostuvieron que no existe otro remedio adecuado en ley para restituir la posesión de la propiedad o del instrumento negociable, conforme a la Ley Núm. 208-1995, que fue objeto del alfanumérico FCCI201400533, y ahora, del recurso ante nos.

En la *Demanda*, solicitaron que se emitiera una sentencia declaratoria e interdicto permanente. Solicitaron al TPI que: (i) declarara nula la sentencia en el caso FCCI201400533 y los procedimientos de subasta, conforme a la Regla 49.2 de las Reglas de Procedimiento Civil;[17] (ii) autorizara el ejercicio del derecho de propiedad o posesión sobre el instrumento negociable, conforme a la Sección 2-306 de la Ley Núm. 208-1995; (iii) ordenara el cese del estado de privación ilegal de la vivienda principal de la parte apelante, por la parte apelada a tenor de los mecanismos de Sentencia Declaratoria e Interdicto Permanente; (iv) se le restituyera la posesión de la vivienda; y, (v) se le ordene al Registrador de la Propiedad anular los asientos de escritura de venta judicial y anote una prohibición de enajenar. Además, solicitaron una suma por concepto de daños y perjuicios, así como costas, gastos y honorarios de abogado e intereses.[18]

De lo que sigue, y en lo atinente, el 14 de agosto de 2023, Estrella presentó una *Moción de Desestimación por Impedimento Colateral por Sentencia*.[19] La parte apelada adujo, en síntesis, que un análisis de las alegaciones fácticas de la *Demanda* permitía constatar que la misma no justificaba la concesión de un remedio. Expuso, además, que las alegaciones ya habían sido resueltas y constituían un impedimento colateral por sentencia. Enfatizó que la *Sentencia Nunc Pro Tunc* emitida por el TPI era final, firme e inapelable. Por lo anterior, solicitó al foro primario la

---

[17] 32 LPRA Ap. V, R. 49.2.
[18] Apéndice de la parte apelante, a la pág. 16.
[19] Apéndice de la parte apelante, a las págs. 24-286.

desestimación con perjuicio de la *Demanda* al amparo de la Regla 10.2 (5) de las Reglas de Procedimiento Civil.[20]

Por su parte, el 17 de agosto de 2023, la parte apelante presentó una *Moción Informativa y Solicitud de Remedio*.[21] Adujo, en síntesis, que previo a la presentación de la solicitud de desestimación, las partes habían estado sosteniendo conversaciones transaccionales, por lo que juzgó que el proceder de la parte apelada era uno de mala fe y contradictorio. En su escrito, solicitó como remedio que el foro primario tomara conocimiento de lo expresado y que emitiera la decisión que mejor se ajustara a dicha información.[22] En respuesta, el tribunal *a quo*, mediante *Orden* del 18 de agosto de 2023, notificada el 22 de agosto de 2023, dispuso: "Se toma conocimiento. Por el momento, nada que disponer en relación con la información contenida en la moción".[23]

Por otro lado, el 22 de septiembre de 2023, la parte apelante presentó su *Oposición a Moción de Desestimación por Impedimento Colateral por Sentencia de la Parte Demandada Objeto de estos Procedimientos*.[24] En su escrito, la parte apelante negó que existiese un impedimento colateral por sentencia arguyendo que la sentencia emitida en el alfanumérico FCCI201400533 no fue a tenor con la Ley Núm. 208-1995 y que este reclamo se traía por primera vez. Adujeron, además, que era inaplicable la doctrina de impedimento colateral por sentencia y cosa juzgada, puesto a que los foros judiciales que habían tenido ante sí la controversia no la habían resuelto en sus méritos. En virtud de lo anterior, solicitaron que se declarara No Ha Lugar la moción de desestimación. Días más tarde, la parte apelante cursó, además, un descubrimiento de prueba a la parte apelada.

---

[20] 32 LPRA Ap. V, R. 10.2 (5).
[21] Apéndice de la parte apelante, a las págs. 287-289.
[22] Apéndice de la parte apelante, a la pág. 289.
[23] Apéndice de la parte apelada, a la pág. 1.
[24] Apéndice de la parte apelante, a las págs. 294-305.

Así las cosas, el 2 de octubre de 2023, el foro primario emitió una *Sentencia* mediante la cual declaró Ha Lugar la solicitud de desestimación presentada por la parte apelada; y, en consecuencia, ordenó la desestimación de la *Demanda*, con perjuicio, notificándose al día siguiente. En su *Sentencia* el tribunal apelado concluyó que, en virtud de la Regla 10.2 y 42.2 de las Reglas de Procedimiento Civil,[25] y en atención a lo resuelto por el Alto Foro en *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019),[26] acogía la solicitud de desestimación, sin necesidad de consignar y especificar todas las determinaciones de hechos y conclusiones de derecho que motivaron el curso decisorio.

En desacuerdo y en lo atinente al asunto ante nuestra consideración, el 18 de octubre de 2023, la parte apelante presentó una *Moción de Reconsideración y Solicitud de Referido al Centro de Mediación de Conflictos*.[27] Por su parte, el 28 de noviembre de 2023, la parte apelada presentó *Oposición a Moción de Reconsideración*.[28] Luego, el 5 de diciembre de 2023, la parte apelante presentó una *Moción sobre Intención de Replicar*, en cuanto a la oposición presentada por la parte apelada, para lo que solicitó un término adicional.[29] En respuesta, mediante *Orden* emitida el 5 de diciembre de 2023, y notificada el 7 de diciembre de 2023, el tribunal *a quo* declaró No Ha Lugar la solicitud de reconsideración presentada por la parte apelante.[30]

Inconforme aún, el 3 de enero de 2024, la parte apelante presentó un recurso de *Apelación* mediante el cual esbozaron la comisión de tres (3) errores por el foro primario, a saber:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DICTAR SENTENCIA MEDIANTE LA CUAL DESESTIMA CON PERJUICIO LA DEMANDA, ADUCIENDO QUE LA MISMA DEJA DE EXPONER UNA RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO CONFORME A LAS REGLAS

---

[25] 32 LPRA Ap. V, R. 10.2 y 42.2.
[26] *Pérez Vargas v. Office Depot*, 203 DPR 687 (2019).
[27] Apéndice de la parte apelante a las págs. 319-336.
[28] Apéndice de la parte apelante a las págs. 356-369.
[29] Apéndice de la parte apelante a las págs. 370-372.
[30] Apéndice de la parte apelante a la pág. 373.

10.2 Y 42.2 DE LAS DE PROCEDIMIENTO CIVIL, *SUPRA*, Y LO RESUELTO POR EL HONORABLE TRIBUNAL SUPREMO EN PÉREZ VARGAS V OFFICE DEPOT, *SUPRA*.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO ACOGER LA MOCIÓN DE RECONSIDERACIÓN Y SOLICITUD DE REFERIDO A MEDIACIÓN COMPULSORIA DEL 18 DE OCTUBRE DE 2023 EN LA QUE SE DISCUTE Y FUNDAMENTA LA ACCIÓN DEL FORO DE INSTANCIA AL COARTAR EL DESCUBRIMIENTO DE PRUEBA EN ESTE CASO, AL NO EFECTUAR DETERMINACIONES DE HECHOS Y CONCLUSIONES DE DERECHO, AL NO RESOLVER LA MOCIÓN INFORMATIVA Y SOLICITANDO REMEDIO SOBRE EL PROCEDER DE MALA FE Y CONTRARIO A LOS PROPIOS ACTOS DE LA PARTE APELADA EN CUANTO A LAS CONVERSACIONES TRANSACCIONALES EN EL CASO DE EPÍGRAFE Y LA NO APLICACIÓN EN ESTE CASO DE LA REGLA 10.2(5) DE LAS DE PROCEDIMIENTO CIVIL, SUPRA[,] NI TAMPOCO DE LAS DOCTRINAS DE IMPEDIMENTO COLATERAL POR SENTENCIA, COSA JUZGADA Y LEY DEL CASO.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL OMITIR LA MOCIÓN SOBRE INTENCIÓN DE REPLICAR DE LA PARTE APELANTE EN CUANTO A LA OPOSICIÓN A MOCIÓN DE RECONSIDERACIÓN DE LA PARTE APELADA COLOCANDO EN DESVENTAJA A LA PARTE APELANTE CON RELACIÓN A LA PARTE APELADA.

Mediante *Resolución Nunc Pro Tunc* del 5 de febrero de 2024, este Tribunal tomó conocimiento del expediente judicial ante el TPI en el SUMAC, específicamente, la entrada 28, en la cual se encuentran los treinta y tres (33) anejos expresados en el escrito. Por otro lado, el 2 de febrero de 2024, compareció la parte apelada mediante *Alegato en Oposición a la "Apelación"*.

Con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

**II**

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[31], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo

---

[31] 32 LPRA Ap. V, R. 52.2 (a).

jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[32] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[33] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.[34]
> […]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[35] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[36] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

### B. Regla 10.2 de las Reglas de Procedimiento Civil

La Regla 10.2 de las Reglas de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[37] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado en la que solicita que se desestime la demanda presentada en su contra, aun sin necesidad de formular una alegación previa.[38]

La regla establece que:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
> (1) falta de jurisdicción sobre la materia;
> (2) falta de jurisdicción sobre la persona;

---

[32] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE*, 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).

[33] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).

[34] 4 LPRA Ap. XXII-B, R. 13 (A).

[35] 32 LPRA Ap. V, R. 47.

[36] *Id.*

[37] 32 LPRA Ap. V, R. 10.2.

[38] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). *Colón v. Lotería,* 167 DPR 625, 649 (2006).

(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
**(5) dejar de exponer una reclamación que justifique la concesión de un remedio**;
(6) dejar de acumular una parte indispensable.[39] (Énfasis suplido).

El tribunal interpretará las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[40] No obstante, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[41]

## C. Regla 42.2 de las de Procedimiento Civil

Como regla general, nuestro ordenamiento jurídico requiere que las sentencias dictadas por los tribunales cumplan con ciertas exigencias de forma.[42] Cónsono con lo anterior, la Regla 42.2 de las de Reglas Procedimiento Civil, dispone lo siguiente:

> En todos los pleitos, el tribunal especificará los hechos probados, consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. Al conceder o denegar *injunction* interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos. […]
>
> No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho:
> (a) al resolver mociones bajo las Reglas 10 ó 36.1 y 36.2, o al resolver cualquier otra moción, excepto lo dispuesto en la Regla 39.2;
> (b) en casos de rebeldía;
> (c) cuando las partes así lo estipulen, o
> (d) cuando el tribunal así lo estime por la naturaleza de la causa de acción o el remedio concedido en la sentencia.

---

[39] 32 LPRA Ap. V, R. 10.2.
[40] *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).
[41] *González Méndez v. Acción Social et al.*, 196 DPR 213, 235 (2016).
[42] *Pérez Vargas v. Office Depot*, 203 DPR 687, 700 (2019).

En los casos en que se deniegue total o parcialmente una moción de sentencia sumaria, el tribunal determinará los hechos en conformidad con la Regla 36.4.[43]

Al evaluar los requisitos de forma establecidos en la aludida Regla 42.2 de las Reglas de Procedimiento Civil, el tratadista Rafael Hernández Colón sostiene que las determinaciones de hechos probados que de ordinario se consignan en una sentencia "no son más que el resultado del proceso adjudicativo al que se adentra un tribunal luego de celebrado el juicio en su fondo".[44] Este proceso, a su vez, consiste en "dirimir los conflictos que pueda haber, determinar la credibilidad de los testigos, determinar qué documentos se tendrán por auténticos, y determinar qué hechos se tendrán por probados".[45] En lo pertinente, Cuevas Segarra explica que: "Los hechos probados son los que se relacionan en la sentencia, ya que ésta no puede ser una recapitulación de la prueba presentada o un informe de todo lo acontecido en el juicio". La regla no requiere detalles innecesarios y minuciosos".[46] De igual forma, el Tratadista expresa que:

> [e]l dejar de exponer por separado un hecho probado como una conclusión del tribunal, no es una omisión que motive la revocación de la sentencia dictada en el caso. Esto es así porque ningún tribunal viene obligado a indicar todos los posibles fundamentos en apoyo de una sentencia; y dentro de su sentencia, si ha expresado lo que estima suficientes para su determinación.[47]

**D. Regla 49.2 de las Reglas de Procedimiento Civil**

La Regla 49 de las Reglas de Procedimiento Civil aborda lo relativo a remedios contra las sentencias u órdenes. En específico, la Regla 49.2 de las Reglas de Procedimiento Civil dispone lo concerniente a lo que sucede cuando hay errores, inadvertencia, sorpresa, negligencia excusable,

---

[43] 32 LPRA Ap. V, R. 42.2.
[44] *Pérez Vargas v. Office Depot*, a la pág. 375, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexis Nexis, 2010.
[45] Hernández Colón, *op cit.*, a la pág. 375.
[46] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Publicaciones JTS 2011, T. IV, pág. 1229.
[47] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., Publicaciones JTS 2011, T. IV, pág. 1230.

descubrimiento de nueva prueba y/o fraude. Así, pues, la Regla 49.2 de las Reglas de Procedimiento Civil establece el mecanismo procesal que se tiene disponible para solicitar al foro de instancia el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos.[48]

Dicha Regla lee como sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no aplicarán a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:
> (1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;
> (2) conceder un remedio a una parte que en realidad no haya sido emplazada, y
> (3) dejar sin efecto una sentencia por motivo de fraude al tribunal.
> Mientras esté pendiente una apelación o un recurso de *certiorari* de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea incompatible con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría

---

[48] *García Colon v. Sucn. González*, 178 D.P.R. 527, 539 (2010). *De Jesús Viñas v. González Lugo*, 170 DPR 499, 513 (2007). *Náter v. Ramos*, 162 DPR 616, 624 (2004).

dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación para solicitar el referido permiso.[49]

Esta Regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones.[50] Nuestro Tribunal Supremo de Puerto Rico ha expresado que, la Regla 49.2 de las Reglas de Procedimiento Civil no es una llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada.[51] Empero, la consabida Regla tampoco sustituye los recursos de apelación o reconsideración.[52] Por lo tanto, relevar a una parte de los efectos de una sentencia es una decisión discrecional, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha.[53]

Por otro lado, la Regla otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia cuando se determine su nulidad.[54] Entiéndase, una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el debido proceso de ley.[55]

### E. Las Doctrinas de Cosa Juzgada, Impedimento Colateral por Sentencia y la Ley del Caso

La doctrina de cosa juzgada es un componente parte de nuestro ordenamiento jurídico valioso y necesario para la sana administración de la justicia.[56] Dicha doctrina fomenta el interés del Estado en que se les ponga fin a los litigios luego de haber sido adjudicados de forma definitiva por los tribunales.[57] Además, protege el interés de los ciudadanos de no litigar la misma causa dos (2) veces.[58] "El efecto de la aplicación de esta doctrina es

---

[49] 32 LPRA Ap. V, R. 49.2.
[50] *García Colon v. Sucn. González, supra. De Jesús Viñas v. González Lugo, supra. Náter v. Ramos, supra.*
[51] *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).
[52] *García Colon v. Sucn. González, supra,* 541. *Olmeda Nazario v. Sueiro Jiménez,* 123 DPR 294, 299 (1989). *Negrón Rivera y Bonilla, Ex parte*, 120 DPR 61, 73 (1987). *Ríos v. Tribunal Superior*, 102 DPR 793, 794 (1974).
[53] *García Colon v. Sucn. González, Id.,* 540. *Rivera v. Algarín*, 159 DPR 482, 490 (2003). *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823–824 (1980). R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.
[54] *García Colon v. Sucn. González, Id.,* 543.
[55] *Id.*
[56] *Presidential v. Transcaribe,* 186 DPR 263, 274 (2012).
[57] *PR Wire Products v. C. Crespo & Associates,* 175 DPR 139, 151 (2008).
[58] *Id.*

que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado".[59] Es decir, para que proceda la presunción de cosa juzgada, debe concurrir la más perfecta identidad de las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron.[60]

En lo que respecta al requisito de la identidad de cosas, este significa que el segundo pleito versa sobre el mismo asunto adjudicado en el primer pleito, aunque en el uno se abordase totalmente y sólo parcialmente en el otro o las cosas se hayan disminuido y/o alterado.[61] La identidad de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada, por lo que al determinar si existe identidad de causas de acción debemos preguntarnos si ambas reclamaciones se basan en la misma transacción o núcleo de hechos.[62] Dicho requisito exige que la parte demandante acumule en un pleito todas las posibles teorías legales en virtud de las cuales podría tener derecho a un remedio y que surjan de los mismos hechos transaccionales.[63]

El impedimento colateral por sentencia es una modalidad de la defensa de cosa juzgada.[64] Ello, no obstante, esta doctrina se distingue de la doctrina de cosa juzgada en que, para su aplicación, no es necesario que se configure el requisito de identidad de causas.[65] Conviene destacar, los requisitos para la aplicación de la doctrina de impedimento colateral son: (i) se adjudicó un asunto, (ii) en una sentencia previa, (iii) luego de haberse litigado, (iv) entre las mismas partes y (v) el hecho adjudicado es esencial

---

[59] *Municipio de San Juan v. Bosque Real SE,* 158 DPR 743, 769 (2003). *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720, 732–33 (1978).
[60] *Presidential v. Transcaribe, supra,* pág. 274; *Fatach v. Triple S, Inc.*, 147 DPR 882, 889 (1999).
[61] *Rodríguez Rodríguez v. Colberg Comas*, 131 DPR 212, 220 (1992).
[62] *Presidential v. Transcaribe, supra,* 275 (2012).
[63] *Martínez Díaz v. ELA*, 182 DPR 580, 586 (2011).
[64] *Rodríguez Ocasio v. ACAA,* 197 DPR 852, 862 (2017). *Presidential v. Transcaribe, supra,* 276. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 225 (2012).
[65] *Rodríguez Ocasio v. ACAA, Id. Presidential v. Transcaribe, supra,* 276-277.

para un segundo pleito.[66] La doctrina de impedimento colateral por sentencia solo se puede invocar cuando existe un segundo litigio, por consiguiente, ésta no aplica cuando se trata de asuntos en un mismo pleito.[67]

Existe identidad de objeto cuando un juez, al hacer una determinación, se expone a contradecir el derecho afirmado en una decisión anterior.[68] Por su parte, la identidad de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en lo que afecta a la cuestión planteada.[69] Al considerar lo que respecta a la identidad de las personas, se ha determinado que los efectos de la cosa juzgada se extienden a quienes intervienen en el proceso, a nombre y en interés propio.[70]

A luz de lo anterior, las determinaciones judiciales que constituyen la ley del caso incluyen todas aquellas cuestiones finales consideradas y decididas por el Tribunal.[71] A raíz de ello, procede invocar esta doctrina cuando exista una decisión final de la controversia en los méritos.[72] Las determinaciones hechas por el TPI o un tribunal apelativo, de ordinario, no pueden reexaminarse si el caso retorna a la consideración del foro que las emitió.[73]

Cónsono con lo anterior, el Tribunal Supremo ha establecido que solo los derechos y obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, pueden constituir la ley del caso.[74] Consecuentemente, la doctrina de la ley del caso solo puede invocarse cuando exista una decisión final de la controversia en sus méritos.[75] Ahora bien, en situaciones

---

[66] *Rodríguez Ocasio v. ACAA, Id.*, a las págs. 862-863.
[67] *Id.*, pág. 863.
[68] *Presidential v. Transcaribe, supra*, 275.
[69] *Id. A & P Gen. Contractors v. Asoc. Caná*, 110 D.P.R. 753, 765 (1981).
[70] *Presidential v. Transcaribe, supra*, a la pág. 276.
[71] *Rodríguez Ocasio v. ACAA, supra. Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 9 (2016). *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).
[72] *Rodríguez Ocasio v. ACAA, Id.*, a las págs. 863-864. *Cacho Pérez v. Hatton Gotay y otros, Id.*
[73] *Rodríguez Ocasio v. ACAA, Id.*, a las pág. 864.
[74] *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).
[75] *Pueblo v. Serrano Chang*, 201 DPR 643,653 (2018). *Félix v. Las Haciendas, Id.*

excepcionales, si el caso vuelve a la consideración del tribunal y éste entiende que sus determinaciones previas son erróneas y que pueden causar una grave injusticia, ese foro podría aplicar una norma de derecho distinta con el fin de resolver de forma justa.[76]

## F. La Discreción Judicial

Las decisiones discrecionales que toma el TPI no serán revocadas a menos que se demuestre que ese foro abusó de su discreción.[77] Es decir, no se intervendrá con la apreciación que de la prueba desfilada haya hecho el foro inferior en ausencia de pasión, prejuicio, parcialidad o error manifiesto.[78] Un tribunal de justicia incurre en un abuso de discreción cuando el juez: (i) no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (ii) por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; (iii) no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, los sopesa y calibra livianamente.[79]

A su vez, es una norma bien establecida de nuestro sistema de justicia que la discreción judicial permea la evaluación de la evidencia presentada en los casos y controversias.[80] Como es sabido los jueces del TPI son quienes están en mejor posición de aquilatar la prueba testifical desfilada, ya que tienen la oportunidad de apreciar de cerca las alocuciones de los testigos, mientras observan sus gestos, contradicciones, dudas, manerismos y titubeos.[81] No obstante, una apreciación errónea de la prueba no tiene credenciales de inmunidad frente a la función revisora de un tribunal revisor.[82] Quiérase decir que, en ausencia de los criterios que han

---

[76] *Id.*
[77] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). *Pueblo v. Rivera Santiago*, *176 DPR 559, 580 (2009).*
[78] *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987).
[79] *Pueblo v. Rivera Santiago, supra.*
[80] *González Hernández v. González Hernández*, 181 DPR 746, 776 (2011).
[81] *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001).
[82] *Rivera Pérez v. Cruz Corchado*, 119 DPR 8, 14 (1987).

sido mencionados, los tribunales revisores no debemos intervenir con las determinaciones y conclusiones derivadas de la apreciación de la prueba testifical.[83]

El Alto Foro ha determinado que un juzgador incurre en pasión, prejuicio o parcialidad si actúa movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que se someta prueba alguna.[84] A esos efectos, conviene destacar que, la intervención del foro apelativo con la prueba desfilada tiene que estar basada en un análisis independiente y no a base de los hechos que exponen las partes.[85]

### III

El recurso de *Apelación* ante nos tiene la particularidad de estar relacionado a una acción civil resuelta en un *primer expediente judicial*. Nos explicamos. Previamente, entre las partes se ventiló una acción civil sobre cobro de dinero, ejecución de hipoteca y ejecución de prenda, en el alfanumérico FCCI201400533. Sobre esta acción se dictó una sentencia y luego se ventilaron ciertos asuntos post-sentencia. Dicho expediente judicial tuvo trámite apelativo en dos (2) ocasiones ante este Tribunal intermedio y en una ocasión ante el Alto Foro. Luego, se presentó un *segundo caso*, el alfanumérico LO2023CV00051, el cual, luego de que se dictara una *Sentencia* desestimatoria, y tras su inconformidad, la parte apelante ha comparecido ante nuestra consideración.  Elaboramos.

### -a-

Sin ánimos de ser reiterativos, pero con la intención de lograr un cabal entendimiento, destacamos que se desprende de los autos ante nuestra consideración el hecho de que durante los trámites post-sentencia en el *primer* expediente judicial, en el mes de noviembre del año 2021, la

---

[83] *S.L.G. Rodríguez v. Nationwide*, 156 DPR 614, 623 (2002).
[84] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).
[85] *Hernández v. San Lorenzo Const.*, 153 DPR 405, 425 (2001).

parte aquí apelante presentó una *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento Conforme a la Ley de Transacciones Comerciales.* Fundamentaron su escrito en que a tenor con las Secciones 2-302 y 2-306 de la referida Ley Núm. 208-1995, dado a que el acreedor hipotecario Santander fue sustituido por Estrella, entonces, tenía cabida la aplicación de la figura de la reclamación para rescindir una negociación y recuperar el instrumento o su producto. En atención a lo anterior, en diciembre del año 2021, el foro primario resolvió dicha solicitud denegando la misma. En desacuerdo, la parte apelante acudió a este Tribunal intermedio, el cual denegó la expedición del auto de *Certiorari*, por lo que inconformes con el curso decisorio, acudieron al Alto Foro, quien, mediante *Resolución* del 23 de septiembre de 2022, declinó de igual forma, intervenir con la decisión de la primera instancia judicial.

En este punto, y basado en los autos ante nuestra consideración, los procedimientos post-sentencia en el *primer* expediente judicial quedaron sin trámites ulteriores. Sin embargo, poco más de siete (7) meses desde que la última instancia judicial dispusiera que no atendería la petición de *Certiorari,* en la cual se planteó el asunto al amparo de la Ley Núm. 208-1995, la parte aquí apelante presentó la *Demanda* de autos -*el segundo caso*-. En ella, en lo atinente, solicitaron al foro primario que se declarara nula la sentencia del *primer* expediente judicial, así como los procedimientos de subasta, se autorizara el ejercicio del derecho de propiedad o posesión sobre el instrumento negociable, conforme a la Sección 2-306 de la Ley Núm. 208-1995, así como el cese del presunto estado de privación ilegal de la vivienda de estos -*utilizando el mecanismo de la Sentencia Declaratoria y el Interdicto Permanente* y se le restituyera la posesión de la propiedad. Conforme a lo anterior, la parte apelada razonó que la *Demanda* debía ser desestimada puesto a que las alegaciones esbozadas ya habían sido resueltas y, a tenor, constituían un impedimento

colateral por sentencia. Tras juzgar el tribunal apelado que procedía la desestimación, la parte apelante compareció ante nos.

**-b-**

En lo que respecta al recurso ante nuestra consideración, aun cuando juzgamos que los errores esgrimidos son susceptibles de ser discutidos de manera conjunta, previo a obrar como tal, resulta imperioso expresarnos en torno a una parte específica del señalamiento de error identificado con la letra B. Nos referimos a lo relativo a la invitación de la parte apelante a concluir que el foro primario erró al presuntamente **no** haber resuelto el escrito intitulado, *Moción Informativa y Solicitud de Remedio*.[86] Sin entrar en detalles, por juzgarlo innecesario, en síntesis, solicitaron al TPI que tomara conocimiento de lo expresado en el referido escrito y que emitiera la decisión que mejor se ajustara a dicha información. A tenor, el foro primario atendió la moción según solicitado, dándose por enterado y determinado que no había nada que disponer, a la luz de lo expuesto en el referido escrito.[87]

A este Tribunal le parece inapropiado que, surgiendo claramente de los autos que dicho escrito fue atendido por el Tribunal apelado, la parte apelante haya intentado inducir a error a esta Curia. Abona a lo anterior, su inexplicable omisión al no incluir en el apéndice del recurso instado, la notificación y *Orden* que precisamente evidencia dicho trámite procesal y que tuvo que ser aclarado por la parte apelada.

Dicho lo anterior, y tras juzgar que sobre dicha *Orden* no se presentó una oportuna reconsideración y mucho menos se solicitó la revisión judicial en tiempo, no intervendremos en dicho asunto, por falta de jurisdicción. Es norma reiterada en nuestro ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir

---

[86] Apéndice de la parte apelante, a las págs. 287-289.
[87] Apéndice de la parte apelada, a la pág. 1.

jurisdicción allí donde no la tienen".[88] Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos.[89]

**-c-**

Retomando la discusión en cuanto a los errores esgrimidos, es de ver que la parte apelante compareció tras su inconformidad con el dictamen emitido por el TPI tras desestimar su causa de acción. Conforme a los errores esgrimidos, y luego de la aclaración del párrafo que precede, la controversia quedó centrada en determinar si el foro primario incidió al (i) presuntamente omitir un escrito informando intención de replicar a la oposición a moción de desestimación; y (ii) dictar una sentencia desestimatoria con perjuicio y no acoger la solicitud de reconsideración en la cual, además, se solicitó que el caso fuese referido a mediación.

En *primer* lugar, la parte apelante nos invita a concluir que fue un error el que el tribunal apelado hubiese desestimado el caso, con perjuicio. A tenor con la Regla 10.2 de las Reglas de Procedimiento Civil, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[90] Por su parte, la Regla 42.2 de las Reglas de Procedimiento Civil dispone que: "[…] No será necesario especificar los hechos probados y consignar separadamente las conclusiones de derecho: (a) al resolver mociones bajo las Reglas 10 […]".[91]

Es menester señalar que, contrario a lo expresado por la parte apelante en su oposición a la moción de desestimación, a los fines de que era la **primera vez** que traían el asunto relacionado a la Ley Núm. 208-

---

[88] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). *Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016).
[89] 4 LPRA Ap. XXII-B, R. 83. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).
[90] *González Méndez v. Acción Social et al., supra.*
[91] 32 LPRA Ap. V, R. 42.2 (a).

1995 a la consideración del Tribunal, la totalidad de los autos ante nuestra consideración ha revelado prístinamente lo opuesto. Lo alegado le falta a la verdad. Los dos (2) expedientes judiciales hablan por sí solos. Recordemos que allá para el 18 de noviembre de 2021, la parte apelante, en el *primer* expediente judicial presentaron una *Moción sobre Reclamación de Derecho de Propiedad o de Posesión sobre el Instrumento Conforme a la Ley de Transacciones Comerciales*,[92] la cual no cabe la mínima duda de que fue considerada por el TPI y resuelta. Entonces, mediante la acción civil del título, **presentaron nuevamente la alegación y solicitud de remedios relacionados a la** Ley Núm. 208-1995, que no es otra cosa que una pretensión relitigar un asunto final, resguardándose en que los foros revisores no atendieron la controversia en sus méritos. No les asiste la razón.

Acentuamos que el interés de que los pleitos se vean en los méritos amerita protección, pero no puede, bajo toda circunstancia, prevalecer sobre los intereses, igualmente justos, de la parte que ha sido diligente en que se resuelva el caso prontamente y se termine la incertidumbre, y los intereses del público en general en evitar la congestión en los calendarios y las demoras innecesarias en el trámite judicial, promoviendo así la solución justa, rápida y económica de la controversia.[93]

En *segundo* lugar, la parte apelante considera que el tribunal apelado cometió un error al presuntamente omitir un escrito en el cual estos le informaban su intención de replicar la oposición a reconsideración. No les asiste la razón. Es de ver, que los autos ante nuestra consideración revelan que al momento en que el foro primario emitió la *Resolución* mediante la cual denegó la solicitud de reconsideración, obró tomando en cuenta tanto la solicitud de reconsideración, su oposición y el escrito informando intención de replicar en cuanto a la oposición. No es correcto lo alegado por

---

[92] Apéndice de la parte apelante, a las págs. 164-166.
[93] *Reyes v. E. L. A. et al.*, 155 D.P.R. 799, 810 (2001). A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, T. II, pág. 784.

la parte apelante en cuanto a que su escrito informando intención de replicar fue omitido, todo lo contrario, los autos revelan que el escrito en cuestión fue atendido por el TPI y tomándolo en consideración, determinó denegar la solicitud de reconsideración.

En *tercer* y último lugar, tras denegarse la solicitud de reconsideración, tampoco fue acogida la solicitud de la parte apelante, en torno a referir el caso a mediación. Por lo anterior, la parte apelante razonó que el TPI también erró. No nos convence.  Tanto el escrito informando intención de replicar la oposición a reconsideración, así como la solicitud de la parte apelante para que el caso fuese referido a mediación –*conforme a la causa de acción pendiente de adjudicar en el caso de autos*– se encuentran cobijadas dentro del marco de la discreción judicial.

"El efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales".[94] Por consiguiente, como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción.[95] Ahora bien, la discreción ha de ceder en las circunstancias en las que se configura: (i) un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad; (ii) o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo; y, (iii) que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación.[96]

Juzgamos que se hace innecesario imponer nuestro criterio sobre el del foro primario. En fin, un exhaustivo y responsable análisis de la totalidad del expediente ante nuestra consideración no nos lleva a otra conclusión que no sea disponer que los errores esgrimidos no fueron cometidos y que

---

[94] *Banco Popular de Puerto Rico v. Gómez Alayon*, 2023 TSPR 145.
[95] *Id.*
[96] *Id.*

el recurso fue presentado para dilatar los procedimientos. Por tanto, colegimos que procede confirmar el dictamen emitido por la primera instancia judicial.

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada. Además, dado a la temeridad y contumacia exhibida por la parte apelante y a tenor con la Regla 85 del Reglamento de este Tribunal,[97] se impone a la parte apelante la suma de $1,000.00 dólares, en concepto de honorarios a favor de la parte apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[97] 4 LPRA Ap. XXII-B, R. 85.